HARRIS V. PHILLIPS.

PARTNERSHIP CHATTELS: *Execution against member of firm: When lien attaches.*

> Although under section 2991 of Mansfield's Digest an execution is a lien on the personal property of the defendant from the time it is delivered to the officer, a partner has no such beneficial interest in the chattels of his firm, as will be bound by the general lien of an execution against him individually. His interest in partnership goods may be levied upon and sold for his separate debt, under section 3014 *et seq.* Mansfield's Digest, but the lien provided for by section 3018 does not attach until actual seizure of the property.

APPEAL from *Nevada* Circuit Court.
L. A. BYRNE, Judge.

*Atkinson & Tompkins* for appellant.

There is no lien on partnership property under an execution against an individual partner, until a levy has been had. *Mansf. Dig., sec. 3018 et seq.*

See, also, *4 Bush., 540; 5 id., 100; 46 Ark., 43; 9 Otto., 119; 42 Ark., 450; Freeman on Ex., sec. 125; Jennings v. McIlvoy, 42 Ark., 236.*

*Smoote, McRae & Hinton* for appellee.

An execution is a lien on personal property from the time it reaches the officer's hands. *Mansf. Dig., sec. 2991; 28 Ark., 35; 23 id., 268; 18 id., 414; 7 id., 430.*

SMITH, J. A judgment creditor of J. C. Byrd sued out an execution, which came to the hands of the Sheriff on the 24th of August, 1885. The writ was levied September 22d on a lot of lumber which belonged to J. C. Byrd & Co., a saw-mill firm,

Harris v. Phillips.

composed of the judgment debtor and one Cayton. But on the day before such levy the firm had sold the lumber to Harris, one of their employes, in payment of wages due him. Harris accordingly brought replevin against the Sheriff.

The view taken by the Circuit Judge, as disclosed by his charge, and his refusal of requests to charge, was, that the execution was a lien on Byrd's share of the partnership effects from the time of its receipt by the Sheriff. And the verdict and judgment were for the defendant. A motion for a new trial, which alleges, amongst other grounds, misdirection of the jury, was denied.

An execution is a lien on the personal property of the defendant therein from the time the writ is delivered to the officer to be executed. *Mansf. Dig., sec. 2991.* But a partner has not, like a co-tenant, an aliquot share of any specific chattels of the firm. His interest is subject to the paramount claims of creditors of the firm, and is nothing more than the right to share in any surplus that may remain after the partnership has been wound up. Consequently he has no such beneficial interest in the chattels of the firm as will be bound by the general lien of an execution against him individually. Nevertheless his interest in partnership property may be levied upon and sold for his separate debt. Section 3014 *et seq.* of Mansfield's Digest is a distinct recognition of the right of the individual creditor to subject the joint property to the satisfaction of his debt. And this right existed at common law, independently of the statute ; for otherwise a debtor might screen all his property from his creditors by simply entering into a partnership. But section 3018 provides that the execution creditor shall have a lien upon the property levied upon, such as is given by law to executions in the hands of the officer. This implies that there is no lien in such cases until actual seizure.

Reversed and remanded for a new trial.

*[margin note:* PARTNERSHIP CHATTELS: Execution against partner: When lien attaches.*]*