## DODD, BROWN & CO. V. HILLS & KRAMER.

1. DEED OF ASSIGNMENT; *Fraud; Burden of Proof.* In an action to set aside a deed of assignment on the alleged ground that it was executed with the intention of hindering, delaying and defrauding creditors, the burden of proof rests upon the plaintiff; and where the case is referred, the burden of having the report of the referee show that the deed was so executed with the intention of hindering, delaying and defrauding creditors, also rests upon the plaintiff.

2. ASSIGNMENT, *When Not Void.* The fact that pending a contemplated assignment for the benefit of creditors, a mortgage was executed in good faith by the debtor to one of his creditors to secure a preëxisting debt, which mortgage had long previously been promised by the debtor to such creditor, does not show that the deed of assignment, subsequently executed, was executed with the intention of hindering, delaying and defrauding creditors, nor does it render such deed of assignment void.

3. ASSIGNMENT, *When not Void.* By a deed of assignment for the benefit of creditors, the debtors transfer to the assignee all their partnership property, "except what is by law exempt." The assignee immediately takes possession of all such partnership property, and the debtors never make any claim to be entitled to any portion thereof. *Held,* That as none of said partnership property was or is exempt, (*Guptil v. McFee,* 9 Kas. 30,) the said words, "except what is by law exempt," are nugatory, and do not render said deed of assignment void.

4. ———— *Finding, When Sustained.* Where a certain finding of the referee, (to whom the case was referred,) appears to be only a conclusion of law, and all the circumstances of the case seem to show that it is only a conclusion of law, and the court below so holds, the supreme court will sustain the ruling of the district court.

*Error from Sedgwick District Court.*

ACTION brought by *Dodd, Brown & Co.,* against *H. J. Hills* and *H. T. Kramer,* partners as Hills & Kramer, and H. C. Day, to set aside a certain deed of assignment made by the said Hills & Kramer to the said H. C. Day — said deed of assignment having been made ostensibly for the benefit of the assignors' creditors, but by the plaintiffs claimed to have been made for the purpose of hindering, delaying and defrauding creditors. At the May Term, 1877, of the district court, the defendants recovered a judgment

against the plaintiffs, who bring the case to this court on error. The facts sufficiently appear in the opinion.

*Adams, English & Ruggles,* for plaintiffs in error.

*Sluss, Stanley & Hatton,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to set aside a certain deed of assignment, made by the defendants in this action ostensibly for the purpose of benefiting the assignors' creditors, but claimed by the plaintiffs in this action to have been made for the purpose of hindering, delaying and defrauding creditors. The case was referred, with power to the referee to hear and determine the same, and to "make a full report of all his proceedings" therein to the court. The referee heard the case and made twenty-three special findings therein, and then reported the same to the court below. Neither party made any objection to the findings or to the report, but both parties claimed to be entitled to a judgment thereon. The referee recommended that the judgment should be rendered in favor of the plaintiffs; but the court below, notwithstanding this recommendation, rendered judgment upon the facts found by the referee in favor of the defendants and against the plaintiffs, and of this the plaintiffs now complain, and assign for error "that the said judgment was given for said defendants when it should have been given for the said plaintiffs, according to the law of the land." The only question therefore for us to consider in this case is, whether the court below did err in so rendering said judgment. Or, in other words, it is whether the *facts* found by the referee *show affirmatively* that said deed of assignment was executed with the intention of hindering, delaying and defrauding creditors; or to state the question more exactly, it is whether the court below erred in construing that the facts found by the referee did not show affirmatively that said deed of assignment was executed with the intention of hindering, delaying and defrauding creditors; for the burden of proving that the deed

of assignment was executed with the intention of hindering, delaying and defrauding creditors, and the burden of having the facts reported by the referee show that the deed of assignment was so executed, rested upon the plaintiffs. If the facts reported by the referee were not sufficient to support a judgment in favor of the plaintiffs, the court rightfully, as the plaintiffs did not ask for a new trial nor for additional findings, rendered judgment in favor of the defendants. We cannot say that the court below erred. The first fact found by the referee urged as showing that the assignment was fraudulent and void, was a transaction had between the defendants and one Walter S. Dubois; but as this transaction was had several days before the assignment was even contemplated, and does not seem to have had any connection with the assignment, we do not think that it can show that the assignment was fraudulent or can render it void.

The next and the only other fact found by the referee, urged as showing that said assignment was fraudulent and void, was the giving of a certain mortgage by one of the defendants to J. C. Fraker. This mortgage was given three days before the assignment was made, seven days after the assignment was first contemplated, and while it was in contemplation; but all the transactions connected with this mortgage were in good faith. The mortgage was given to secure preëxisting debts, for the bulk of which the defendants had long prior thereto, long prior to any contemplated assignment, long prior even to any supposed insolvency, promised to execute such mortgage.

The next grounds urged as showing that said assignment was fraudulent and void, are the following findings made by the referee, to wit:

"*Twentieth:* That the said Hills and Kramer [the defendants and assignors] reserved to themselves, in said deed of assignment, interests and benefits in the property assigned before the creditors are to be paid in full.

"*Twenty-first:* That the said deed of assignment from the said Hills and Kramer to the said H. C. Day is, as to the plaintiffs in this cause of action, fraudulent and void."

The twentieth finding of the referee is evidently only a conclusion of law, and not a finding of fact. It is founded upon a certain exception placed in the deed of assignment, which excepts from the operation of the deed all property exempt by law from legal process. The exception is in the following words, to wit: "except what is by law exempt." The deed in terms transfers to the assignee all the defendants' partnership property, "except what is by law exempt." There is no other exception or reservation of property to be found in the deed of assignment. Immediately after the deed of assignment was executed, the assignee took possession of the property assigned, and it does not appear that the defendants have at any time since claimed to be entitled to any portion of the property as "exempt," or otherwise. Indeed, the property was all partnership property, and therefore under the law none of it was or is exempt, (*Guptil v. McFee*, 9 Kas. 30;) and as none of it was or is exempt, none of it was reserved to the defendants. This case differs very materially from that of *Clark v. Robbins*, 8 Kas. 574. In that case $800 worth of the very property assigned was reserved for the benefit of the assignors, and they were to select the same themselves. In this case nothing is reserved, and no attempt was made in the deed of assignment or elsewhere to give to the defendants any right to select any of the property assigned for themselves. The said words, "except what is by law exempt," used in said deed of assignment, being nugatory, may be treated as surplusage.

The twenty-first finding of the referee, we think, is also only a conclusion of law, and not a finding of a fact. Indeed, it would seem to be only a conclusion from the twentieth finding. The referee probably concluded that because the defendants "reserved to themselves in said deed of assignment interests and benefits in the property assigned," that therefore the "deed of assignment" was "fraudulent and void." The referee would undoubtedly have been correct in his twenty-first finding if his twentieth had been correct. But, as we have already shown, his twentieth finding is not

correct. We think the twenty-first finding is a conclusion of law, and not a finding of a fact, for the following reasons:

1. The referee does not call it a finding of fact, although he numbers it consecutively along with other findings which are findings of fact.

2. The court below evidently treated it as a mere conclusion of law, and the plaintiffs, whose interest it was to make it appear to be a finding of fact and not a conclusion of law, and upon whom rested the burden of having it made to so appear, did not ask to have the report returned to the referee so that it might be amended so as to make it so appear, but seemed to be satisfied with it as it was.

3. The referee seems to have attempted to find *all the facts in great detail*, while this finding is couched in very general language.

4. None of the facts stated in detail support this finding.

5. The finding immediately preceding this one is *unquestionably* a mere conclusion of law, and this finding seems to be a mere inference or conclusion from that finding.

6. If there had been any facts to support this finding, the referee would undoubtedly have stated them in his detailed statement of the facts, or, failing to do so, the plaintiffs would undoubtedly have called his attention to the matter and asked him to do so; and if he had still failed, they would undoubtedly have asked the court to have the report returned to the referee for additional findings.

7. The last two findings following the words "as matter of law I find," and numbered 1 and 2, can scarcely be said to be conclusions of law from the facts found. The first of said last two findings is merely the referee's opinion as to what judgment and the amount of the judgment that should be rendered. The second is certainly not a conclusion of law from the facts found, but is merely the referee's statement with reference to certain costs.

8. Therefore, as there is nothing in the case to support said twenty-first finding except merely a conclusion of law, and

as this conclusion of law is itself incorrect, we think said twenty-first finding must also be incorrect.

The judgment of the court below will be affirmed.

All the Justices concurring.