BELT et al. v. ROBINSON.

(Circuit Court of Appeals, Eighth Circuit. July 16, 1894.)

No. 411.

ASSIGNMENT FOR BENEFIT OF CREDITORS — RESERVATIONS — MISTAKE OF ASSIGNOR.

The reservation, by the assignor in a general assignment, to himself, as exempt, by mistake, of property which he does not own or control, does not make the assignment partial, if it in fact conveys, regardless of such reservation, all the property of the debtor not exempt from execution sale; and the assignee may plead and prove the ownership of the property described in the assignment, to establish this fact, and to maintain his right to the property assigned.

In Error to the United States Court in the Indian Territory.

This was an action by J. M. Robinson, doing business as J. M. Robinson & Co., against J. C. Belt, in which an attachment against defendant's property was issued. C. M. King filed an interplea claiming property on which the attachment had been levied. A demurrer to the interplea was sustained, and judgment for plaintiff, as against the intervener, was rendered thereon. The defendant and the intervener brought error.

For report of a former decision, dismissing a writ of error sued out to review the ruling on demurrer before judgment thereon, see 5 C. C. A. 521, 56 Fed. 328.

J. C. Hodges, A. J. Nichols, W. H. H. Clayton, James Brizzolara, J. B. Forrester, and J. H. Koogler, for plaintiffs in error.

W. T. Hutchings (N. B. Maxey and C. L. Jackson, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge. December 30, 1891, the defendant in error, J. M. Robinson, commenced an action against his debtor, J. C. Belt, and attached, as his, a stock of general merchandise at Eufaula, in the Indian Territory. Thereupon, pursuant to the practice which prevails in that territory (Mansf. Dig. Ark. §§ 356, 358; 26 Stat. 81, 94, c. 182, § 31), the plaintiff in error, C. M. King, filed an interplea, in which he set out a general assignment to him by Mr. Belt for the benefit of his creditors, dated December 29, 1891, and claimed to be the owner of the attached property as such assignee. A demurrer to this interplea was sustained, and judgment rendered for the defendant in error on the issue between him and the interpleader.

The only substantial ground on which the counsel for the defendant in error claims that this judgment can be sustained is that the assignor reserved to himself, in the assignment, certain household furniture situated in Eufaula, in the Indian Territory, and a pair of mares, a buggy, and a harness, as exempt from forced sale under execution, when none of this property was in fact legally exempt.

This is a preferential assignment, which exacts releases from the creditors as a condition for participating in the preferences; and it is conceded that if it is partial—if it does not convey all the debtor's property not exempt from sale under execution—it is void, and the judgment is right. But the questions whether or not, under a correct construction of the assignment, the assignor did absolutely reserve this property to himself, and whether or not it was legally exempt if he did do it, are zealously contested and exhaustively discussed in the briefs. Upon an examination of the record, however, we find that the interplea does not necessarily present these questions. The assignee there avers that the furniture at Eufaula, and the mares, buggy, and harness, were not, when the assignment was made, and never had been, the property of the assignor, Belt, and that the description of them was written into the

reservation of exempt property in the assignment by mistake. The demurrer admits the truth of this averment, and it is a complete answer to the charge that the assignment was partial because the assignor reserved this property. An assignment that conveys all the debtor's property is not a partial assignment; and one that conveys all his property, and then by mistake reserves or exempts from the conveyance the property of another, that the assignor could not in any way convey, none the less conveys his entire property, and cannot be obnoxious to the objection that it is a partial assignment.

There is nothing in the proposition maintained by Flower v. Cornish, 25 Minn. 473; Clapp v. Nordmeyer, 25 Fed. 72; and Rice v. Frayser, 24 Fed. 464,—that an assignee is not vested with the rights of creditors to attack fraudulent conveyances, and that he is not a bona fide purchaser for value,—to estop this assignee from pleading and proving the fact to which we have referred, to sustain his right under this assignment. He is not thereby attacking, but is sustaining, the assignment. He is not thereby attempting to prove any act or conveyance of his assignor fraudulent, but that this assignment was valid and honest. He is not attempting to contradict or vary any of the terms of the assignment, but to prove by evidence aliunde that one portion of a clause was inoperative because the property it described was not owned by the assignor.

The result is that the reservation to himself, as exempt, of property which he does not own or control, by the mistake of an assignor in a general assignment, does not make the assignment partial, if it in fact conveys, regardless of such reservation, all the property of the debtor not exempt from execution sale; and the assignee may plead and prove the ownership of the property described in the assignment to establish this fact, and to maintain his right to the property assigned.

The suggestion that the allegations of the interplea are insufficient to show that the four lots in Ft. Smith, Ark., claimed as a homestead, were exempt, because there is no averment that Mr. Belt ever occupied or intended to occupy that property as a home residence, is unworthy of serious consideration. Some of the allegations of the interplea are that Mr. Belt, at the time he made the deed of assignment, was the head of a family, and a bona fide resident citizen of the state of Arkansas, and that he was holding and occupying these lots, comprising less than one acre of land, as a homestead for himself, wife, and minor child. These allegations were surely ample. Mansf. Dig. §§ 3006–3013, inclusive.

In our opinion the interplea stated a good cause of action for the recovery of the attached property, and the demurrer should have been overruled. The judgment is accordingly reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.