# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS.

KING *v.* HARGADINE-McKITTRICK DRY GOODS CO. $\lfloor^{60}_{64}\, _{211}|$

## Opinion delivered December 1, 1894.

1. *Assignments—Exacting releases.*

   A debtor, in making an assignment of his property for the benefit of creditors, may exact releases from creditors as a condition of preference under the deed where he dedicates all of his property not exempt by law to the payment of his debts.

2. *Effect of reservation of exemptions in assignment.*

   A general deed of assignment of all of the assignor's property is not rendered void by an exception of "such real estate and personal property as is exempt under the law from forced sale." *Baker* v. *Baer*, 59 Ark. 503, followed.

3. *Exemptions—Indian Territory.*

   Under the act of congress of May 2, 1890, sec. 31, a licensed trader in the Indian Territory is entitled to claim his exemptions as provided by Mansf. Dig., ch. 60.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

*Clayton, Brizzolara & Forrester*, for appellant.

1. Sec. 31, act of congress approved May 2, 1890, extends and puts in force in the Indian Territory chap. 8 of Mansf. Digest. See Stat. U. S. 1889, 1890, pp. 94, 95. Hence Belt was entitled to claim the exemptions.

2. The claim of property as "exempt" in a deed of assignment, when in fact it is not exempt, does not in-

validate the assignment.   15 Mo. App. 544; 62 Wis. 167; 61 *Id.* 335; *Ib.* 293; 23 Fed. 676; 9 Kas. 30; 21 *Id.* 710; 85 N. Y. 464; 53 Hun, 45; 59 Miss. 801; 42 Am. Rep. 355.

3.   If two interpretations can be given, that which renders the deed legal and operative should be given, rather than that which will render it illegal and void. Burrill, Ass. (6 Ed.) p. 381–2–3; 22 Wend. 483, 488; 61 Tex. 406; 59 Miss. 80; 54 Ark. 475; 78 Iowa, 482.

4.   Assignments have been repeatedly upheld which stipulated for releases as a condition to participation in the assets.   36 Ark. 406; 47 *Id.* 347; *Ib.* 367; 53 *Id.* 78.

*Jos. M. Hill* for appellee.

1.   A deed of assignment exacting releases from creditors as a condition of preference is void, unless it is a general assignment of all the debtor's property.   47 Ark. 347; *Ib.* 367; 53 *Id.* 75.

2.   The reservation of certain property as exempt made the assignment a partial one, and it was void.   28 Fed. 123; 139 U. S. 628; 31 Md. 87; Burrill, Ass. secs. 100, 103; 2 Heisk. 411; 5 *Id.* 686; *Ib.* 736.   If the deed be construed as passing all of the property not exempt, then it is void for uncertainty.   4 N. W. 481; 25 Conn. 311; 8 Kas. 574; 20 N. W. 674; 41 Ark. 70; 41 *Id.* 495.

3.   Even if the exemptions were valid, the deed was a partial assignment with preferences, and is void. 4 Ark. 349; 2 Bigelow, Fraud, pp. 566–7; 6 Hill, 438; 2 N. Y. 365; 12 Barb. 168; 18 *Id.* 272; 15 N. Y. 9; 17 Vt. 310; 3 Md. 40; 21 Ala. 380; 22 *Id.* 238.

HUGHES, J.   The appellee brought suit and sued out an attachment against Jno. C. Belt.   The appellant, King, interpleaded, and claimed the property upon which the attachment was levied by virtue of an assignment for the benefit of creditors made to him by Belt, in which assignment the property so conveyed is described.

Said deed of assignment was made in the Indian Territory, and some of the property assigned was situated in Fort Smith, Ark., where the same was attached. The deed contained the following provision, to-wit: "I, the said Jno. C. Belt, hereby intending to convey unto the said C. M. King, for the purposes and in trust as aforesaid, all of my effects of every kind and description, wherever situated, both real, personal or mixed, book accounts and choses in action, whether described in this deed or not, save and except only such real estate and personal property as is exempt under the law from forced sale, a schedule of the property so claimed by the said Jno. C. Belt to be exempt from forced sale is hereto attached, marked schedule 'C,' and made a part hereof." The deed is regular, and was duly acknowledged. It is contended that this provision of the deed avoids it, as it tends to hinder and delay creditors. The deed preferred certain creditors upon condition that they execute releases, but provided for the payment of all the creditors out of the assets conveyed.

The appellee demurred to the interplea, the demurrer was sustained, the appellant rested upon his demurrer, excepted and appealed to this court. Belt was a licensed trader in the Indian Territory.

Is the deed void upon its face? is the question in the case. Such deeds of assignment have been upheld by the decisions of this court holding that the debtor, in making assignment of his property for the benefit of creditors, may exact releases from creditors as a condition of preference under the deed, where he dedicates "all of his property, not exempt by law, to the payment of all of his creditors, not necessarily to the payment of all in equal proportions." *McReynolds* v. *Dedman*, 47 Ark. 351.

1. Exacting releases in assignments.

As to the claim of exemption in the deed, there is no difference in principle between the deed of assignment

2. Reservation of exemptions.

in this case and the deed in the case of *Baker* v. *Baer*, 59 Ark. 503, which was held not objectionable, the ruling in which case as to this question is approved and adopted in this.

3. Claiming exemptions in Indian Territory.    By section 31 of an act of congress, approved May 2, 1890, chapter 8 of Mansfield's Digest, title, "Assignments for the Benefit of Creditors," and chapter 60 of said Digest, title, "Executions," were extended over and put in force in the Indian Territory. Statutes United States, 1889-90, pp. 94, 95. Wherefore the assignor had the right to claim his exemptions as under the laws of the State of Arkansas.

It is claimed that appellant waived his exceptions to the judgment sustaining the demurrer to the interplea filed by him by joining in the motion of Belt to set aside the judgment sustaining the attachment against him, etc., as he did not reserve his exceptions in the motion for new trial. No motion for new trial was necessary to be filed by the interpleader, as the demurrer raised only a question of law, and his unnecessary connection with Belt's defense does not affect his rights. The judgment of the court sustaining the demurrer to the interplea of the appellant is erroneous.

The judgment is reversed, with directions to overrule the demurrer to the interplea, and the cause is remanded for further proceedings.