ROBINSON et al. v. BELT et al.

(Circuit Court of Appeals, Eighth Circuit. March 12, 1900.)

No. 1,320.

FEDERAL COURTS—FOLLOWING STATE DECISIONS—CONSTRUCTION OF STATUTES OF INDIAN TERRITORY.

The construction given by the supreme court of Arkansas to the statutes of that state, which have been adopted and put in force in the Indian Territory by act of congress, will be followed by the federal courts.

In Error to the United States Court of Appeals in the Indian Territory.

John C. Belt, a merchant residing and doing business in the Indian Territory, executed a deed of assignment conveying all his property to C. M. King, as assignee, for the benefit of his creditors. After the execution of the deed of assignment, J. M. Robinson & Co., the plaintiffs in error, sued out an attachment against the assignor, and attached the assigned property. King, the assignee in the deed, and the defendant in error here, filed an interplea, claiming the property under the deed of assignment. The interplea was tried to a jury in the United States court for the Northern district of the Indian Territory, who returned a verdict for the interpleader; and from the judgment upon the verdict the plaintiffs in error appealed to the United States court of appeals in the Indian Territory, which affirmed the judgment of the lower court, and thereupon they sued out this writ of error.

William T. Hutchings, for plaintiffs in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Every question raised by the assignments of error in this case has been determined by the judgment of this court when it was previously here (Belt v. Robinson, 63 Fed. 90, 11 C. C. A. 39, 27 U. S. App. 273), and by the judgment of the supreme court of Arkansas in the case of King v. Dry-Goods Co., 60 Ark. 1, 28 S. W. 514, where the validity of the same deed of trust was in issue. The act of congress adopted and put in force in the Indian Territory the Arkansas statutes, including the statute on the subject of assignments for the benefit of creditors, and we have uniformly held that it was the duty of this court and the courts in the Indian Territory to follow the construction given to those statutes by the supreme court of Arkansas. Sanger v. Flow, 1 C. C. A. 56, 48 Fed. 152, 4 U. S. App. 32; Appolos v. Brady, 1 C. C. A. 299, 49 Fed. 401, 4 U. S. App. 209. The assignments of error not covered by the opinions

in the cases referred to have not the least merit, and, on the authority of those cases, the judgments of the United States court of appeals in the Indian Territory and of the United States court for the Northern district of the Indian Territory are each affirmed.