In re MERIWETHER.

(District Court, W. D. Arkansas, Texarkana Division. March 15, 1901.)

BANKRUPTCY—EXEMPTIONS—ARKANSAS STATUTE.

    Under the laws of Arkansas, which entitle a debtor who is the head of a family to hold as exempt personal property owned by him to the value of $500, but do not permit such exemption to be claimed by partners from partnership property, a bankrupt is entitled to the exemption out of the merchandise in a store conducted in the name of a partnership, but which is shown to have been in fact owned by him exclusively for some years prior to his bankruptcy.

In Bankruptcy. On questions certified by referee relating to the bankrupt's claim to exemptions.

    The bankrupt, a resident of the state of Arkansas, and the head of a family, carried on a mercantile business under the firm name and style of Meriwether & Taylor. The only evidence introduced tends to show that Taylor had no interest whatever in the business, but was only a clerk, receiving a monthly salary from Meriwether; who was the owner of the business, and had contributed all the capital used in the business. Only for a very short time in 1898 did Taylor remain as a partner in the business. On September 30, 1898, he withdrew as a member of the firm, executing the following instrument:

    "Received of H. R. Meriwether $25, in full payment of all claims against said H. R. Meriwether, and do hereby release him, the said H. R. Meriwether, from any and all responsibilities whatever on my account; never having any interest in the grocery business, under the firm name and style of Meriwether

& Taylor, further than my salary for services and use of my name for whatever influence I might have in the business. Witness my signature at Texarkana, Arkansas, September 30, 1898.

"[Signed] W. G. Taylor.

"Witness: A. Arrington."

No change in the firm name was made, but it was continued under the name of Meriwether & Taylor, by Meriwether; Taylor having no connection with the business, nor assuming to act as a partner. While connected with the business, he was really only a clerk, receiving a monthly salary, and never assuming to exercise any of the rights of a partner. Meriwether, in December, 1900, being insolvent, filed his petition to be adjudged a voluntary bankrupt. His only creditors are those of the firm. In his schedule he claims certain personal property of the value of $493.77 as exempt under the laws of the state of Arkansas, the exemption laws of that state entitling him to $500 worth of personal property as exempt from seizure and sale under execution. Of the property thus claimed as exempt certain articles of the value of $167.50 are admitted to be the bankrupt's individual property, not being in any wise connected with his mercantile business. But the other property claimed as exempt was a part of the mercantile business, and for this reason claimed by the trustee of the bankrupt's estate as not subject to the claim of exemption. The referee sustained the contention of the trustee, and refused to allow the bankrupt any of the property claimed by him, except $167.50 conceded by the trustee. On motion of the bankrupt, the matter was certified to the judge for review.

John N. Cook, for bankrupt.

Williams & Arnold, for trustee.

TRIEBER, District Judge. Under the bankrupt laws, the exemption laws of the state in which the bankrupt resides regulate the exemptions allowed to a bankrupt. Steele v. Buel (C. C. A.; 8th Cir.) 104 Fed. 968; In re Durham (D. C.) 104 Fed. 231; Richardson v. Woodward (C. C. A.; 4th Cir.) 104 Fed. 873. This court is therefore concluded by the decisions of the highest court of this state construing the exemption laws of Arkansas. That partners cannot claim exemption of partnership property is the settled law of the state. Richardson v. Adler, 46 Ark. 43; Porch v. Milling Co., 65 Ark. 40, 45 S. W. 51; In re Handlin, 3 Dill. 290, Fed. Cas. No. 6,018.

But was the property partnership property, or was the bankrupt the exclusive owner of the mercantile establishment conducted under the firm name of Meriwether & Taylor? The referee found that the stock of merchandise was partnership property, and for this reason no part of it could be claimed as exempt by the bankrupt. The findings of facts by a referee, as those of a master in chancery, although not conclusive, are very persuasive, and should not lightly be set aside; but in the case at bar there is no evidence whatever to sustain his findings. Only two witnesses testified, the bankrupt and the father of Taylor, the alleged partner, and their testimony is positive that since September 30, 1898, Meriwether was the exclusive owner of the mercantile establishment conducted under the firm name of Meriwether & Taylor, and that Taylor had no interest whatever in the business. The supreme court of this state has passed upon this question, in a case in which the facts are almost identical with those in the case at bar, and the conclusion there reached was that, under such circumstances, there is no partnership. Baker v. Baer, 59 Ark. 503, 28 S. W. 28. In that case an assignment had been made by one

Guthrie of the assets of the firm of S. L. Guthrie & Co. Under the laws of the state, as construed by the supreme court in numerous cases, an assignment of partnership property made by one partner without the consent of the other partners is void. The evidence was very much like that in this case, and Mr. Justice Wood, in delivering the opinion of the court, reversing the judgment of the trial court, said:

"The appellee assumes that there was a partnership. There is no proof of one. The fact that appellees sued S. L. Guthrie, J. W. and G. W. Hastings, and obtained judgment against them under the firm name of S. L. Guthrie & Co., and that the attachment was issued and levied upon the property in controversy as the property of the firm, did not establish the fact that the partnership existed, or that the property levied upon was its property. The record does not show that such an issue was raised in the action for debt. It is not shown that either of the Hastingses filed an answer. Whether the judgment was obtained against them by default or otherwise does not appear. They are not here complaining. The testimony of S. L. Guthrie, uncontradicted, shows that they had no interest whatever in his business, did not contribute to the capital of the business, and never received anything from it. He explains how their names were used, and that, after the 10th of October, 1891, he, at their request, and upon their failure to comply with the conditions upon which they were to form a partnership, ceased to use their names any more. So that, if the partnership ever existed, the proof is that it had ceased long before this assignment was made. The most that could be claimed upon the proof on the partnership question is that it was a mere holding out,—not an actual partnership inter sese,—and, such being the case, there was nothing to inhibit Guthrie from making the assignment. He was the real owner of the business." 59 Ark. 511.

This opinion meets the views of this court so fully that it is unnecessary to add anything to it.

The referee erred in his findings of facts, and should have found that all the property of the bankrupt was his individual property, and, as a conclusion of law, should have allowed all the exemptions claimed by the bankrupt.