SYLVANUS W. POND & another *vs.* CHARLES KIMBALL.

The provisions of the Gen. Sts. *c.* 123, § 32, and *c.* 133, § 32, *cl.* 5, 6, exempting a certain amount of tools and implements, stock and materials, employed in trade or business, from attachment and execution, do not apply to partnership property.

TORT by Sylvanus W. Pond and Hamon E. Leland against the sheriff of Middlesex, for the act of his deputy in attaching, on a writ against the plaintiffs, property belonging to them, but alleged to be exempt from attachment.

By the Gen. Sts. *c.* 123, § 32, personal property liable to execution may be attached; but, by *c.* 133, § 32, *cl.* 5, 6, the following among other property of the debtor is exempt from being taken on execution : " The tools, implements and fixtures necessary for carrying on his trade or business, not exceeding one hundred dollars in value; materials and stock designed and procured by him, and necessary for carrying on his trade or business, and intended to be used or wrought therein, not exceeding one hundred dollars in value."

At the trial in the superior court, before *Brigham*, J., it appeared that the plaintiffs were copartners; that all the property attached was partnership property; and that some, if not all, of it came within the exemption of the statute, part as tools and implements, part as materials and stock, unless the fact that it was partnership property prevented its coming within such exemption. The presiding judge ruled that the fact that it was partnership property did not render it liable to attachment if it would otherwise have been exempt; ordered a verdict for the plaintiffs and reported the case to this court. There were other questions in the case, but the decision renders a statement of them unnecessary.

*L. H. Wakefield*, for the defendant.

*W. F. Slocum*, for the plaintiffs.

AMES, J. This report finds that the property described in the plaintiffs' declaration belonged to them as copartners. It had been procured by them to be used in their shop, as appropriate

to and usual in the prosecution of their joint business. A portion of it falls within the description of " tools and implements " necessary to the prosecution of their trade and business, and another portion under that of " materials and stock " necessary for the same purpose, and intended to be used or wrought therein. The claim of the plaintiffs is, that on both these grounds a portion at least of the property was exempt from attachment; and that the defendant is liable in this action for the wrongful act of his deputy in making such attachment.

This claim, then, raises the question whether the exemption of certain property from attachment, provided for in the Gen. Sts. *c.* 133, § 32, *cl.* 5, 6, and *c.* 123, § 32, applies to the case of property belonging jointly to two or more copartners. It does not appear that, at the time of the attachment, the plaintiffs had dissolved partnership, or had divided their joint property, or had had a general settlement and winding up of their business. We agree with the plaintiffs' counsel, that the statute is humane and beneficial in its purpose and operation, and fairly entitled to as liberal a construction as can be given it, consistently with its true and just interpretation. There are many difficulties, however, in the way of applying it to the case of copartners and joint owners, and these difficulties we find to be insuperable. Property purchased with the joint funds of the firm, and constituting a portion of its capital, must necessarily be subject to all the incidents of partnership property. On the decease of one member of the firm, it would go to the surviving member, and he would have a right to hold it, to be used in settling the affairs of the concern, and paying its debts. In the case of numerous partners, can it be said that each would have the right to claim, as exempt from attachment for the joint debts, one hundred dollars' worth of tools and implements, and another hundred dollars' worth of materials and stock; or is the whole firm to be considered as one debtor only? Does the exempted property in that case belong to the partners jointly, or does each take a separate share? It appears to us that the statute is intended to apply only to the case of a single and individual debtor. The exemption which it gives is strictly personal. The statute speaks in

Pond & another *v.* Kimball.

the singular number throughout, unless possibly the clause as to fishermen (Gen. Sts. *c.* 133, § 32, *cl.* 9) be an exception. Its apparent object is to secure to the debtor the means of supporting himself and his family, by following his trade or handicraft with tools belonging to himself. It also provides that his family are to be secured in the enjoyment of certain indispensable comforts and necessaries, out of his property. But property belonging to the firm cannot be said to belong to either partner as his separate property. He has no exclusive interest in it. It belongs as much to his partner as it does to him, and cannot in whole or in part be appropriated (so long as it remains undivided) to the benefit of his family. It may be wholly contingent and uncertain whether any of it will belong to him on the winding up of the business and the settlement of his account with the firm.

The exemption, in our opinion, is several, and not joint. It applies to the debtor in the singular number, and is personal and individual only. If he desires to form a partnership and combine his means with those of one or more than one other person, he must take the precaution to retain exclusive ownership of his tools and implements, allowing the use of them to his associates, or he will lose entirely the benefit of the statutory exemptions as to that kind of property.

The view which we have taken of the case has rendered it unnecessary to consider certain other questions which were discussed in the argument.

The result is, that the plaintiffs are not entitled to maintain their action ; the verdict must be set aside, and judgment entered for the defendant.