## Case No. 6,018.

### In re HANDLIN et al.

[3 Dill. 290;[1] 12 N. B. R. 49; 2 Cent. Law J. 264.]

Circuit Court, E. D. Arkansas. April Term, 1875.

BANKRUPT ACT—EXEMPTIONS OUT OF PARTNERSHIP ASSETS—CONSTITUTIONAL PROVISION AS TO EXEMPTIONS CONSTRUED.

Under the bankrupt act of 1867, §§ 14, 36 [14 Stat. 522, 534], and constitution of the state of Arkansas of 1868 (article 12, § 1), bankrupts who are co-partners are not entitled to separate or individual exemptions out of the partnership effects.

[Cited in Re Stewart, Case No. 13,420; Re Boothroyd, Id. 1,652; Re Hughes, Id. 6,-842; Re Melvin, Id. 9,406.]

[Cited in Giovanni v. First Nat. Bank, 55 Ala. 305; State v. Spencer, 64 Mo. 357.]

Petition for review under section 2 of the bankrupt act. This case came before the court on a question as to the right of individuals composing a bankrupt firm to claim individual exemptions out of partnership effects. The individual schedules of each of the partners aforesaid disclose personal property of Handlin to the amount of $532.85, and of Venny to the amount of $150.00. The partnership schedules disclose personal property sufficient to make up the sum of $2,000 claimed by each of the partners. This latter sum is the amount allowed to "any resident" of the state of Arkansas, as exempt from execution or other final process, by the exemption laws of the state as they existed in the year 1871. Const. 1868, art. 12, § 1. Each of the partners claims as follows: Handlin, $1,467.15; which, added to his $532.85, amounts to $2,000. Venny claims $1,850.00; which, added to his $150.00, amounts to $2,-000. Hubbard Stone, the assignee of said bankrupt estate, refused to allow the $1,467.-15 and the $1,850 claimed above, and on the 20th of February, 1875, set apart as exempt, and issued certificates as follows:—To Handlin, specified articles of personalty to the value of $532.85; to Venny, same, amounting to $150.—being the amount of personal property shown by the schedules of each to be their individual property respectively. To this action of the assignee, the bankrupts by their attorneys, excepted, and the matter was brought before the district court upon the statement of facts herein set forth. Whereupon the action of the assignee, as aforesaid, was by the court disapproved and set aside, and the assignee was pro forma ordered to allow each of the bankrupts, Handlin and Venny, the balance claimed by each of them as above stated, out of the partnership effects. The order of the district court was as follows:—"The assignee is directed to allow to each of the bankrupts out of the partnership effects a sum which, added to their respective individual effects, will give to each

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

an exemption of personal effects to the value of $2,000." The assignee excepted, and brings the matter before the circuit court on a petition for review. It was admitted that the bankrupts constituted all the members of the firm; that they were adjudged bankrupts on their own petition, prior to the taking effect of the constitution of the state, of 1874, and while section 1, art. 12, of the constitution of 1868 was in force; and that neither of them had a homestead, or claimed a homestead exemption.

Dodge & Johnson, for assignee.
N. & J. Erb, for bankrupts.

DILLON, Circuit Judge. The bankrupt act (section 14), after excepting from its operation the household and kitchen furniture and other articles and necessaries of the bankrupt, not exceeding in value, in any case, the sum of $500, also excepts "such other property not included in the foregoing exceptions as is exempted from levy and sale upon execution or other process * * * by the laws of the state in which the bankrupt has his domicile."

The constitution of the state, of 1868, in force until after the bankruptcy here in question, contained this provision:—"The personal property of any resident of this state, to the value of $2,000, to be selected by such resident, shall be exempted from sale on execution, or other final process of any court, issued for the collection of any debt, contracted after the adoption of this constitution" (article 12, § 1). This provision is self-executing. In re Hezekiah [Case No. 6,448]. The bankrupts were co-partners and were adjudged bankrupts as such; one of them had individual assets to the amount of $532.85, and the other to the amount of $150.00. The firm assets amounted to several thousand dollars, but not enough to pay all the firm debts. Each of the bankrupts claims out of the firm assets a sum sufficient, with the individual property set apart to him, to give him an exemption of personal effects to the value of two thousand dollars. This claim was sustained, pro forma, by the district court, and the assignee contests its rightfulness.

Upon the best consideration I have been able to give to the subject, my conclusion is that the claim of the bankrupts in this behalf cannot be sustained. This opinion rests upon the language of sections 14 and 36 of the bankrupt act, and of the constitutional provision above quoted; upon the general principles of the bankrupt law and the law of partnership, and upon the weight of authority upon the subject. Whatever property is exempted by section 14 of the bankrupt act is excepted from the operation of the act, and the title to it does not vest in the assignee. This is not denied, and has been frequently decided.

Section 36 relates to the bankruptcy of partnerships, and contains the provision that

when persons who are partners in trade are adjudged bankrupt, "a warrant shall issue, upon which all the joint stock and property of the co-partnership, and also all the separate estate of each of the partners, shall be taken, excepting such parts thereof as are hereinbefore excepted." That is, all of the firm property is to be seized on the warrant, and all of the individual property of the partners, except such of the individual property as is exempted to the partners severally. And the further provision is that, after deducting expenses and disbursements, "the net proceeds of the joint stock shall be appropriated to pay the creditors of the co-partnership, and the net proceeds of the separate estate of each partner shall be appropriated to pay his separate creditors," etc. Taken all together, this language does not contain anything to favor, but much to contravene, the notion that individual exemptions should be allowed out of the partnership estate. And the same observation applies to the language of the constitutional provision.

But conceding that the language of the bankrupt act and of the constitution of the state is not so clear to this end as to exclude doubt, the general principles of the law are against the allowance of the exemption claimed. Where, as in this case, the partnership and all its members are declared bankrupt, the firm is treated as being dead, except to close up its affairs. There is no exemption to the firm, as such; nor is it contended that there can be. But each of the partners claims an individual exemption to the amount of two thousand dollars out of the firm property, and at the expense of the firm creditors; and if the claim is valid, it would be equally so if there were six partners, instead of two. It is a claim not depending upon the amount of capital which the partner making the claim contributed to the firm, nor upon the state of the accounts between him and his co-partners. He may never have put a dollar of capital into the firm, or he may have drawn out all of his capital and owe the firm, and yet it is insisted that, not only as against his co-partners, but as against the creditors of the firm, he may, in default of not possessing individual estate, lay his hands upon two thousand dollars of the joint estate and appropriate it as exempt. This I am sure he could not do before bankruptcy without his co-partner's consent, and after the bankruptcy the co-partner is incapable of giving any consent to affect rights fixed by that event.

The pretension set up in this case, whether considered with reference to the right of co-partners or the rights of the firm creditors, cannot be maintained. The case might be different as to mere joint ownership where no partnership relation existed, but it is not necessary to consider this point.

While the adjudged cases relating to the question under consideration are not uni-

form, a careful examination of all of them justifies me in saying that they are quite decisively against the proposition that individual exemptions can be allowed out of the partnership estate, at the expense of the joint creditors. Pond v. Kimball, 101 Mass. 105; Guptil v. McFee, 9 Kan. 30, a well-considered case, following Pond v. Kimball, and disapproving Stewart v. Brown, 37 N. Y. 350; Burns v. Harris, 67 N. C. 140; Bonsall v. Comly, 44 Pa. St. 442, 447; In re Blodgett [Case No. 1,555]; In re Hafer [Id. 5,896]; Amphtel v. Hibbard [29 Mich. 298]; In re Price [Case No. 11,410]; Wright v. Pratt, 31 Wis. 99. Contra: In re Young [Case No. 18,-148]; In re Rupp [Id. 12,141]; Stewart v. Brown, 37 N. Y. 350; Radcliff v. Wood, 25 Barb. 52; In re McKercher, 8 N. B. R. 409.

Reversed.