B. J. PIERCE, to the use of WM. CONNEVEY, Respondent, *vs.* L. L. KINGSBURY, *et al.*, Appellants.

1. *Execution—Seizure of firm property—Claim of individual member—Bond of indemnity—Claim for statutory exemptions—Rights and remedies.*—Where personal property is seized by a constable as partnership property, under an execution issued against a firm, and is claimed by one of the members as his individual property, the officer has no authority to summon a jury to try the title of the member asserting the claim.   And where issue is found in his favor the action of the constable in taking a bond to indemnify himself against any damages he might sustain by reason of the seizure and sale of this property, and to pay the claiming partner all damages he might sustain by reason of such seizure and sale, is equally unwarranted.   The statute (Wagn. Stat., 842, § 12) applies only to cases where the claim is made by a third party.   And, since the execution was, under the statute, a lien on the property from the date of its issue, the claim is not aided by the fact that subsequent to the issue and before the levy of the execution, the whole property was purchased by the claiming member.   For losses sustained by reason of having purchased the property, his remedy, if any, is other than by an action on the bond.   That instrument conditioned as above, would cover only damages which he would sustain by reason of the property sold not being subject to levy and sale under execution.

Whether a partner can claim firm property as exempt from levy and sale for debts of the firm, *Quœre?* But if the officer fails to do his duty in not notifying a member of his right to claim exemption under the statute, the remedy of the party is on the official bond and not on that of indemnity.

*Appeal from Howard County Circuit Court.*

*Ewing & Smith, with J. L. Jones*, for Appellants.

I. A defendant in an execution cannot set up a claim to property levied on under the 12th section " Justice's Court." (Wagn.

Stat., 842.) It applies in terms to other claimants. The trial of the right of property was therefore void, and the bond was without authority, voluntary and void. (Robarts vs. Samuels, 17 Mo. 555 ; Wetzell vs. Waters, 18 Mo. 396.)

II. Each partner, as the head of the family, cannot claim a part of the partnership property as exempt. (Guptil vs. McFee, 9 Kas. 30 ; Pond vs. Kimball, 10 Mass. 105 ; Grimes vs. Byrne, 2 Minn. 90, 104, 105 ; Herm. Ex. 118 ; Wagn. Stat., 841, § 5 ; Gott vs. Williams, 29 Mo. 461 ; Beazley vs. Blunden, 32 Mo. 387 ; Brown vs. Burrus, 8 Mo. 26 ; Wagn. Stat. 842, § 12 ; Stewart vs. Balls, Adm'r, 35 Mo. 209.)

III. The petition does not state facts sufficient to constitute a cause of action, 1st, because it sets out no breaches of the condition of the bond sued on (Wagn. Stat. 240, § 5 ; Langford vs. Sanger, 40 Mo. 162 ; Whitehill vs. Shields, 43 Mo. 537 ; Reed vs. Drake, 7 Wend. 345 ; Barnard vs. Darling, 11 Wend. 28 ; Nelson vs. Bostwick, 5 Hill. 37) ; and 2d, because the bond was given to indemnify the constable. Whereas he, by virtue of the execution in his hands, having a lien on the goods before they were transferred to Connevey by Kingsbury, could hold the goods whenever found.

IV. A bond given to a constable to induce him to sell property exempt from execution by law is void. (Reagan vs. Romer, 44 Mo. 99 ; Renfrow vs. Heard, 14 Ala. 23, S. P.; Buffendeau vs. Brooks, 28 Cal. 641 ; Benedick vs. Bray, 2 Cal. 251 ; Mitchell vs. Vance, 5 T. B. Mon. [Ky.], 529.)

*S. C. Major and John Herndon*, for Respondent.

Although the bond given by Kingsbury was not authorized by statute, Connevey being a co-defendant in the execution, yet it is good as a common law bond and would support this action. (Waterman & Ryan vs. Frank, 21 Mo. 108.)

Hough, Judge, delivered the opinion of the court.

On the 6th day of June, 1873, the plaintiff, Connevey, and the defendant, Kingsbury, were partners in business, and as such owned and conducted a printing office, and published thereat, in

Howard County, Missouri, a newspaper known as the Fayette Democratic Banner.

On the said 6th day of June an execution duly issued by a justice of the peace in said county against said Connevey and Kingsbury, as partners as aforesaid, was placed in the hands of the constable of the township.

On the 27th day of June, 1873, Kingsbury sold and transferred to said Connevey all his interest as partner in said printing office and newspaper, and the property appertaining thereto.

On the 14th day of August, 1873, the constable, by virtue of said execution, levied upon a portion of the personal property aforesaid, belonging to the firm of Connevey and Kingsbury, whereupon Connevey claimed the same as his individual property, and the constable, supposing his authority under the statute extended to such a case, summoned a jury to try the right of property. The jury found the property levied upon to be the individual property of Connevey, and not the partnership property of Connevey and Kingsbury. The constable then demanded and the defendant, Kingsbury, gave a bond of indemnity with his co-defendant Winn as security, conditioned to indemnify the said constable against any damages he might sustain by reason of the seizure and sale of said property under the execution aforesaid, and also to pay to said Connevey all damages he might sustain by reason of such seizure and sale.

The property levied on was sold by the constable, and Connevey thereupon instituted the present action in the name of the constable, to his use, on the bond aforesaid.

There was a verdict and judgment for the plaintiff for $300, from which defendants have appealed.

The trial of the right of property had by the direction and under the supervision of the constable was wholly unauthorized, and the bond exacted by the constable was equally without authority of law.

The statute provides that when property levied upon by a constable is claimed by notice in writing, as therein provided, by any person *other than the defendant in the execution*, the constable shall summon a jury to try the right of property and in the

event the property taken in execution shall be found to belong to such claimant, if the plaintiff will tender a sufficient bond payable to the officer, conditioned to indemnify him against all costs and damages he may sustain in selling the property claimed, and further to pay and satisfy any person or persons, claiming title to such property, all damages they may sustain by reason of such sale, then the constable shall proceed to sell such property under execution.

In the case at bar the claimant was one of the defendants in the execution, and the person giving the bond was his co-defendant.

The property claimed was lawfully subject to execution as the property of both defendants, inasmuch as the execution in the hands of the constable was, by virtue of the statute, a lien upon the property sold at the time Connevey purchased the interest of Kingsbury therein. Being thus subject to execution as the property of both defendants, for all the purposes of the present inquiry, the case stands just as if Kingsbury had never sold to Connevey.

The constable cannot possibly sustain any damage by reason of the disputed ownership, as the property sold by him was clearly subject to the execution in his hands, and Connevey has not sustained any damage in contemplation of law by reason of the execution sale, but only by reason of having purchased and perhaps paid full value for property which was subject to a lien. And such damage is plainly not within the scope of the bond sued on, even if it could be held valid as a common law bond. The recitals of the bond show that it was intended to cover any damage which should result to the officer or Connevey, by reason of the property sold not being subject to levy and sale under the execution against Connevey and Kingsbury. For damages resulting from any partial failure of consideration suffered by Connevey in his contract of purchase, his remedy, if he have any, is in a different proceeding.

The point made as to the right of Connevey to claim the property sold as exempt from execution has no pertinency whatever, even if it should be conceded that an execution debtor can select

partnership property as exempt from levy and sale for the debts of the firm—a proposition which is denied in some of the States. (Pond vs. Kimball, 101 Mass. 105; Guptil vs. McFee, 9 Kas. 30; Grymes vs. Byrne, 2 Minn. 89.) If the constable failed to do his duty in not notifying Connevey of his right to claim an exemption under the statute, and he was damaged thereby, he has his remedy against the officer by suit on his official bond. Besides, no such breach of the bond sued on was alleged in the petition; and it does not even appear that Connevey was the head of a family. Indeed it is quite doubtful whether any sufficient breach was alleged.

The petition, after reciting the facts stated in this opinion, simply alleged that by reason of the levy and sale by the officer, Connevey was damaged. How he was damaged the pleading leaves wholly to conjecture.

The judgment of the circuit court will be reversed; Judges Napton and Sherwood concur; Judge Wagner absent.