STATE *ex rel.* R. L. BILLINGSLEY, *et al.*, Appellants, *vs.* CLINTON E. SPENCER, *et al.*, Respondents.

1. *Partnership property—Rights of members to exemption of, from execution.*— The members of a firm are neither severally or jointly entitled to partnership assets exempted to heads of families under § 11 of the statute touching execution.

*Appeal from Jasper County Circuit Court.*

*E. J. Montague,* for Appellants, cited : Pond vs. Kimball, 101 Mass. 105 ; Guptel vs. McFee *et al.*, 9 Kan. 30 ; Cent. L. J. No. 17, April 23, 1875, 264 ; Wagn. Stat. 603, § 9.

*W. H. Phelps,* for Respondents, cited : Stewart vs. Brown, 37 N. Y. 350 ; Knapp vs. Bartlett, 23 Wis. 88 ; Gilman vs. Williams, 7 Wis. 287 ; Kiskaddon vs. Jones, 63 Mo. 190.

HENRY, Judge, delivered the opinion of the court.

In September, 1874, R. L. Billingsley & Co. commenced a suit by attachment against ——— Kent and ———Black, and said attachment was, by defendant Spencer, then sheriff of Jasper county, levied upon personal property belonging to Kent and Black as partners. Kent and Black each were the head of a family, and neither of them owned any property mentioned in the first and second subdivisions of the ninth section, of chapter 55, Wagn. Stat. 603. Kent had household goods of the value of

three hundred dollars, and Black had household goods of the value of one hundred and twenty-five dollars, and a set of carpenter's tools worth about thirty-five dollars. The partnership goods levied upon by the sheriff were of the value of one hundred and fifty dollars. Defendants, Kent and Black, claimed the property under the eleventh section of chapter 55, which provides that " each head of a family, at his election, in lieu of the property mentioned in the first and second subdivisions of section nine, may select and hold exempt from execution any other property real, personal or mixed, or debts and wages, not exceeding in value three hundred dollars."

The sheriff allowed their claims, and returned to them the property he had attached. Billingsley & Co. prosecuted their said suit, and at the May term, 1873, of the common pleas court of Jasper county, recovered a judgment against Kent and Black for $105.50. Afterwards a special execution was issued on said judgment and placed in the hands of the sheriff of Jasper county, one Zane, who duly returned thereon that he could not find the attached property, and the present suit was instituted against Spencer, and the other defendants, his sureties on his official bond, to recover for the alleged breach of duty on the part of Spencer, in delivering to Kent and Black the attached property.

There was a trial in the common pleas court of Jasper county, which resulted in a verdict and judgment for defendant, from which an appeal has been duly taken by plaintiff to this court, and the only question presented for determination is whether one or more of the members of a partnership, are severally or all of them jointly entitled to partnership assets, to the amount specified in section eleven as exempt from execution under sections nine and eleven ?

They cannot claim the exemption as a partnership, for a partnership cannot be the head of a family. If they can severally claim, how is the officer to determine what specific portion of the assets belongs to the claimant, without first making a settlement of the partnership accounts, as between the partners, and also as between the firm and its debtors and creditors ?

Neither partner exclusively owns any of the assets, nor until a final settlement of the partnership business could the officers determine the interest of either member in the assets of the firm. The amounts of money invested by them respectively, would be no criterion, for the partner who furnished in the first instance the largest amount of capital, on final settlement might be found to have no interest whatever in the assets then on hand. Supposing a debt due to the firm be garnished, could one partner claim the exemption out of that indebtedness, and the officer allow him individually a given amount, and the plaintiff in the execution recover the balance against the debtor, thus dividing into two, or more, his single obligation to the firm ?

The difficulties are not obviated, where, as in the case at bar, all the partners severally claim the exemption, for still there would have to be a settlement of the partnership business in order to determine what to allow each member. The state of the accounts, as before remarked, might be such that one, or more of the firm, would have no interest whatever, and the others would have an excess over the amount exempt; and if the officer allowed each his exemption the creditor would be prevented from having applied to his debt that excess thus given to a partner, or partners, who have no interest in the assets. If instead of severally claiming, they make a joint claim to the exemption of the amount specified in the eleventh section, it might be that each of the members, but one, owned all of the property in kind and amount specified in the eleventh section, and had no right to the exemption.

The fact that the difficulties suggested could not have occurred in the case at bar, is no answer to the argument, for that they would occur in a vast majority of cases, is conclusive against the construction of the statute contended for by respondent. The law declares the exemption in favor of the head of a family, and this precludes the officer from allowing it to the partners jointly.

We are satisfied that the eleventh section does not embrace either a partnership, or the members of the firm severally or jointly, as to partnership property, and this view is sustained by Pond vs. Kimball, 101 Mass. 105; *In re* Handlin 3 Dill. 290 ;

Bonsall vs. Conley 44 Penn. St. 447; Guptil vs. McFee, 9 Kas. 30. The courts of New York, Wisconsin and North Carolina, hold otherwise, but the weight of authority and argument we think, sustains the conclusion we have reached.

Judgment reversed and ·cause remanded. The other judges concurring except Sherwood Judge, absent.