BENJAMIN S. THURLOW, and another, *vs.* GEORGE M. WARREN, assignee.

Hancock.    Opinion December 11, 1889.

*Exemptions.    Attachment.    Partnership.    Insolvency.    R. S., c. 81, § 62, cl. 7.*

A pair of working cattle, belonging to a partnership, is not exempt from attachment and seizure on execution, but pass to their assignee in insolvency.

AGREED STATEMENT.

It appeared that, at the time the plaintiffs were adjudged insolvents, they were the sole owners in their co-partnership capacity of a pair of oxen; that they were the owners of no other oxen, either as co-partners or as individuals; and that they subsequently replevied them from their assignee, the defendant, to whom the oxen had been delivered by the messenger of the court of insolvency.

It was agreed, that if judgment should be for the plaintiffs they were to recover nominal damages with full costs; and if for defendant, he was to have judgment for two hundred dollars, with interest, and full costs.

*E. P. Spofford*, for plaintiffs.

Statute should be liberally construed. Legislature intended to extend its protection to cases like this. Maine statute broader than that of Mass. under which *Pond* v. *Kimball* was decided. *Gilman* v. *Williams*, 7 Wis. 329. Question has not been decided in Indiana. *Goudy* v. *Werbe*, decided July, 1889. In *Stewart* v. *Brown*, 37 N. Y. 350, Judge Porter says, "If each of the plaintiffs had owned a pair of horses both teams would have been exempted. * * * It would be an obvious perversion of the statute to hold that the plaintiffs forfeited its protection by owning but a single team between them, used for the common support of both."

*G. M. Warren*, for defendant.

Counsel cited: *Pond* v. *Kimball*, 101 Mass. 105; *In re, J. S. & J. Price*, 6 N. B. R. 400; *In re, Handlin & Venny*, 12 Id. 49; *In re, Blodgett & Sanford*, 10 Id. 145; *In re, Tonne*, 13 Id. 170; *In re, Boothroyd* v. *Gibbs*, 14 Id. 223.

VIRGIN, J. Replevin of a "pair of oxen," by a partnership duly adjudged insolvent, against the assignee of the estate. The only question is: whether the oxen owned by the firm were exempt from attachment and seizure on execution.

Whether the particular business of the partnership was such as required the use of oxen does not appear. But even assuming that the "pair of oxen" replevied to have been (in the language of R. S., c. 81, § 62, cl. 7), "a pair of working cattle" actually used in and about the firm's business, we are of opinion that they were not exempt. Joint debtors are not within the letter of the statute. The language of the whole ten clauses of R. S., c. 81, § 62, specifying the property exempted is predicated upon the idea that the beneficiary is an individual. Exemption therein provided is recognized as the privilege of an individual and not of a firm or other joint association or corporation. No suggestion of partnership or other joint ownership appears in the statute. The single "debtor," "he," "himself" and "his family" are the terms adopted. The clause under which this case falls provides, "If *he* has more than one pair of working cattle, *he* may elect,"

etc., with several like uses of the singular pronoun.  R. S., c. 81, § 62, cl. 7.  It would seem, therefore, that the property, which can claim exemption from writ and execution, must be owned in severalty and not jointly.

The various insuperable difficulties in attempting to apply exemption to the property of a partnership are very clearly pointed out in *Pond* v. *Kimball*, 101 Mass. 105.

Moreover, although in some jurisdictions the contrary view is taken, still the great weight of deliberate and well considered cases hold that individual and not partnership property is exempt. *Pond* v. *Kimball, supra ; Bonsall* v. *Cornly*, 44 Pa. St. 442 ; *Guptil* v. *McFee*, 9 Kans. 30 ; *In re, Handlin*, 3 Dill. C. C. Rep. 290 ; *Russell* v. *Lennon*, 39 Wis. 573, overruling *Gilman* v. *Williams*, 7 Wis. 336 cited by the plaintiff.  Pars. Pr. Part. 314.  Hence in accordance with the agreement of the parties the entry must be

*Judgment for defendant for* $200, *and interest from date of writ, with full costs.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.