Rockingham, }
  June, 1895. }

68  262
69  246

## PEASLEE *v.* SANBORN, *Assignee.*

Property of a partnership is not exempted from an assignment in insolvency as tools of the occupation of a member thereof.

TROVER, for carriage blacksmith's tools. Facts found by a referee. The plaintiff was a blacksmith, and a partner with one Bartlett in the business of making and repairing carriages. The tools were those of the plaintiff's occupation, and were used by the firm. The defendant is the assignee in insolvency of the firm; and as assignee he took possession of all the partnership property, including the tools in controversy, and sold the same at public auction. The plaintiff claimed that the tools were exempt from the assignment in insolvency to the value of $100, while the defendant contended that they were the property of the partnership, and not exempted to the individual members thereof.

*Eastman, Young & O'Neill,* for the plaintiff.

*Louis G. Hoyt,* for the defendant.

CLARK, J. The plaintiff claims that the tools in controversy were exempted from attachment as "tools of his occupation to the value of one hundred dollars," and therefore were not conveyed to the defendant as assignee by the insolvency assignment of the firm of Bartlett & Peaslee. P. S., c. 201, s. 6; c. 220, s. 2. The tools were the property of the firm. The plaintiff claimed them as an individual, not as a partner; and his claim cannot be maintained, because the title to the property was in the partnership of which he was a member, and not in him as an individual. If the plaintiff, owning the tools when he became a member of the firm, had retained the exclusive ownership of them, and had merely allowed them to be used in the partnership business, he might have received the benefit of the statutory exemption. *Pond* v. *Kimball,* 101 Mass. 105. Whether the partnership was entitled to the exemption, is a question that is neither raised nor considered. *In re Handlin,* 3 Dill. 290; *Guptil* v. *McFee,* 9 Kan. 30; *Bonsall* v. *Comly,* 44 Pa. St. 442; *Thurlow* v. *Warren,* 82 Me. 164; *Russell* v. *Lennon,* 39 Wis. 570, 573.

*Judgment for the defendant.*

WALLACE, J., did not sit: the others concurred.