PORCH v. ARKANSAS MILLING COMPANY.

Opinion delivered February 5, 1898

1. EXEMPTIONS—PARTNERSHIP CHATTELS.—A partner cannot, while the partnership continues, claim as exempt to him personal property belonging to the firm, under the statute providing that the personal property of any resident of this state "in specific articles to be selected by such resident" shall be exempt from seizure, etc. (Sand. & H. Dig., § 3716). (Page 42.)

2. SAME—BURDEN OF PROOF—The burden of showing that certain property is exempt is upon the claimant. (Page 45.)

Appeal from Carroll Circuit Court in Chancery, Western District.

EDWARD S. McDANIEL, Judge.

STATEMENT BY THE COURT.

The appellee recovered a judgment against the appellant, procured the issuance of an execution thereon, and had the same levied upon the individual interest of the appellant in the fixtures and furniture in a drug store, which were the partnership property of the appellant and J. H. Crook. The appellant notified the officer who levied the execution that the property levied upon was owned by himself and J. H. Crook jointly as partners. The constable who levied the execution had the property levied upon appraised by three persons under oath, as required by law, and gave the defendant, Crook, notice of the levy, and Crook served notice on the constable, in writing, claiming that the property levied upon was partnership property, and that he was the owner of one-half of the same. The

constable returned the execution, and stated in his return the facts, and returned with the execution his inventory and the appraisement of the property levied upon to the justice of the peace who had issued the execution.

The appellee filed his complaint in equity to subject the appellant's interest in the property to sale to satisfy his debt, and alleged that the appellant, Porch, owned no property in Arkansas, except his interest in the drug store, and that, after paying all the firm debts of Porch and Crook out of the firm assets, there would remain enough that the half interest of said Porch would equal or exceed the chattels levied on by the constable. A copy of the appraisement was attached to the complaint of appellee. These proceedings were had under sections 3060 to 3065, inclusive, of Sandels & Hill's Digest (title "Execution.") The appraisement of the property amounted to $2,045.24. The indebtedness of the partnership was ascertained to be $1,346.32.

The appellant, Porch, claimed his exemption in the residue of all the property, which was in excess of the partnership indebtedness,—stating that he was a married man, the head of a family, a resident of the State of Arkansas; that all of the personal property owned by him, including his interest in the property of said co-partnership, and all the moneys, goods, accounts, credits or effects of any kind do not exceed in value the sum of five hundred dollars. Wherefore he claimed that the same are exempt to him, under the laws of the State of Arkansas, and are not subject to sale under the execution of the plaintiff; and concluded with a prayer for supersedeas, and that the plaintiff's complaint be dismissed for want of equity, and for general relief.

Plaintiff filed the following demurrer to the answer of Porch:

"The plaintiff, by its attorney, comes and demurs to the separate answer of said defendant, J. S. Porch, and says: First, said answer is not sufficient in law to constitute a defense to this action; second, said answer does not state what personal property, nor all of it, that is owned by defendant Porch, and claimed as exempt from levy and sale; third, said answer does

not set out said claim of. exemption in specific articles of personal property, as required by law."

The court sustained the demurrer, and Porch saved proper exceptions. He declined to plead further, and the court gave judgment against him for $113, interest and costs, and ordered that the interest of Porch in the drug store, which was valued at $2,045.25, less the firm debts of $1,346.32, be sold.

Defendant excepted, and prayed an appeal, which was granted.

*O. W. Watkins,* for appellant.

The levy of execution gives no lien superior to the right of the owner of personal property to claim such property as exempt. 23 Ark. 287; 33 Ark. 462; 46 Ark. 47; 54 Ark. 193. One of a co-partnership has a right to claim his exemptions out of the assets of the firm, if they be in excess of the firm liabilities. 37 N. Y. 350; Thompson, Homesteads and Exemptions, § 216; 44 Mich. 86; 68 Cal. 32; S. C. 45 Am. Rep. 233; 44 Mich. 86; S. C. 38 Am. Rep. 232; 60 Mich. 433; 61 Mich. 362; S. C. 1 Am. St. Rep. 589; 41 Ark. 94; 54 Ark. 9; 57 Am. St. Rep. 437. Exemption statutes are to be liberally construed. 38 Ark. 112; Thomp. Hom. & Ex., § 731.

*Geo. C. Christian,* for appellee.

An individual debtor cannot claim exemptions out of partnership assets. Thompson, Hom. & Ex. §§ 194, 196, 197, 198, 199; 101 Mass. 105; 9 Kas. 30; 1 Phil. Rep. 353; 39 Wis. 574; 26 O. St. 317; 44 Pa. St. 442; 3 Lea (Tenn.), 75; 46 Ark. 43; 64 Mo. 355; 3 Dillon, 290. One claiming exemptions must designate specifically the articles claimed. 48 Ark. 213; Sand. & H. Dig., § 3721. The burden of establishing an exemption right is on the one alleging it; and he must bring his claim clearly within the limits of the statutory exceptions. 52 Ark. 547; 36 Ark. 298; 43 Ark. 20; 33 Ark. 459–464; 62 Ark. 542; 55 Ark. 447.

HUGHES, J.,(after stating the facts). The precise question in this case has not been decided in this court.

Following the decided weight of authority, it is held in *Richardson* v. *Adler,* 46 Ark. 43, that "the members of an in-

solvent firm are not entitled to the exemptions allowed by law, out of the partnership property, after it has been seized to satisfy the demands of the creditors of the firm." The court said: "The interest of each partner in the partnership assets is his portion of the residuum after all the liabilities of the firm are liquidated and discharged. Property belonging to the firm cannot be said to belong to either partner as his separate property. It is contingent and uncertain whether any of it will belong to him on the winding up of the business, and the settlement of his accounts with the firm. 'Joint property is deemed a trust fund, primarily to be applied to the discharge of partnership debts, against all persons not having a higher equity;'" citing *Pond* v. *Kimbal*, 101 Mass. 105; *Gaylord* v. *Imhoff*, 26 Ohio St. 317; *Giovanni* v. *First National Bank of Montgomery*, 55 Ala. 305; *in re Handlin*, 3 Dill. 290.

As affecting the question involved, the statute of Ohio exempting personal property is substantially like ours, which provides that; "the personal property of any resident of this state, who is married or the head of a family, in specific articles to be selected by such resident not exceeding in value the sum of five hundred dollars, in addition to his or her wearing apparel, and that of his or her family, shall be exempt from seizure on attachment, or sale on execution, or other process from any court, on debt by contract." Sand. & H. Dig., § 3716; Const. art. 9, §§ 1, 2.

In the case at bar the appellant filed no schedule claiming his exemption in specific articles.

In the opinion in *Gaylord* v. *Imhoff*, the Ohio Supreme Court said: "Looking alone to the language of the section above quoted, we find nothing to justify the inference that the legislature, in passing it, was intending to provide for other than individual debtors, and for the exemption of their individual property from sale on execution; and, when construed in connection with the law relating to partnerships, as it had always stood and still stands, we are convinced that it could not have been the intention of the lawmaker to bring partners or partnership property within the operation of the section in any respect. Dealing with the statutory right, and excluding equitable considerations, which have no place here, our convic-

tions are based upon the fact that the right of exemption, and the mode of exercising it prescribed by the statute, are wholly inapplicable to partnership property or the rights of the partners therein, and inconsistent with the rights of their creditors in relation thereto. * * * The language of the section points unmistakably to property owned individually. The selection of the exempted property is to be made by the execution debtor, and the property selected is to be appraised and set off to the debtor. 'Partners are joint tenants in their stock in trade, * * * * and no partner has an exclusive right to the joint stock.' 3 Kent, 37."

It will be seen by examination of this opinion of the Ohio court and the case of *Richardson* v. *Adler, Goldman & Co.*, 46 Ark. 43, that Judge Smith, who delivered the opinion in the latter case, adopts and relies upon the reasoning and the principles laid down in the Ohio case. It seems to us that the reasoning in those cases applies to the case at bar with as much force as it does to those cases. We think the doctrine sound, and supported by the weight of authority.

In the case of *McCoy* v. *Brennan*, 61 Mich. 362, it is held that partners can, during the existence of the partnership, claim an individual exemption in partnership property, when taken under legal process for partnership debts. The same is held in *Chapman* v. *Kelly*, 60 Mich. 438. Some other states hold the same. The idea advanced to support, in part, these cases is that the exemption statutes should receive a liberal construction in harmony with their humane purpose. Such cases are *Stewart* v. *Brown*, 37 N. Y. 350, 93 Am. Dec. 578; *Blanchard* v. *Paschal*, 68 Ga. 32, 45 Am. Rep. 474; *Servanti* v. *Lusk*, 43 Cal. 238.

In opposition to the doctrine of these cases, the weight of authority sustains the rule that partners cannot, during the continuance of the partnership, claim an individual exemption in the partnership property. *Giovanni* v. *First National Bank*, 55 Ala. 305; *Bonsall* v. *Comly*, 44 Pa. St. 442; *Guptil* v. *McFee*, 9 Kas. 30; *Baker* v. *Sheehan*, 29 Minn. 235; *Prosser* v. *Hartley*, 35 *id.* 340; *State* v. *Bowden*, 18 Fla. 17; *State* v. *Spencer*, 64 Mo. 355; *Richardson* v. *Adler*, 46 Ark. 43; *Wise* v. *Frey*, 7 Neb. 134; *Gaylord* v. *Imhoff*, 26 Ohio St. 317;

*White* v. *Heffner*, 30 La. An. 1280; *in re Handlin*, 3 Dillon, 290; *Pond* v. *Kimball*, 101 Mass. 105.

The rule is said to rest upon the principle, well recognized in the decisions, that the title and ownership of partnership property is in the partnership, and neither partner has any exclusive right to any part of it.

Our constitution and statute provide that the debtor shall be entitled to claim his exemption in specific articles, to be selected by him. As we have seen, this he cannot do while the partnership continues, as the property does not belong to him individually. When the debts of the partnership are paid, if any surplus of partnership property remains, he can claim his exemption in his part of this surplus.

Had he asked that the creditors be brought in, and the partnership debts be settled, and account be had between him and his co-partner, and his interest in the surplus, after paying the debts of the partnership, ascertained, it is probable that the court should have done this.

The cases in our court to the effect that the debtor claiming exemption must claim specific articles are numerous. The burden to show that property, claimed as exempt, is exempt is upon the claimant. He must bring himself strictly within the statute.

The judgment is affirmed

BATTLE, J., (dissenting.) A partner is entitled to hold, exempt from sale under an execution issued on a judgment against him for a debt owing by him individually, so much of his interest in the assets of a partnership as is equal in value to the exemptions from sale under process allowed him by law.

"A partner has no specific interest in any particular chattel or asset, or part of the property of the firm; his only interest is in a proper proportion of the surplus of the whole after payment of debts, including the amounts due the other partners." *Richardson* v. *Adler*, 46 Ark. 43, 48; *Giovanni* v. *First National Bank of Montgomery*, 55 Ala. 305, 310; 1 Bates, Partnership, § 180: 1 Lindley, Partnership (2 Am. Ed.), star pages 339, 340; 1 Freeman, Executions (2d Ed.), § 125, p. 298.

"No private creditor of a partner can take by his execu-

tion anything more than that partner's share in whatever surplus remains after the partnership effects have paid the partnership debts." *Gaylord* v. *Imhoff,* 26 O. St. 317, 324; *Harris* v. *Phillips,* 49 Ark. 58, 59; 2 Freeman, Executions (2d Ed.), § 254a, p. 809.

"The debtor's right to claim his exemption is co-extensive with the creditor's right to seize and sell under his execution, except in the cases specifically excepted fnom the operation of the law." *Sannoner* v. *King,* 49 Ark. 299, 301. Mr. Freeman says: "That the property of a co-tenant may be exempt from execution ought not to admit of doubt. If the circumstances are such as would entitle·him to exempt the whole chattel, were he the owner thereof, they must, upon principle, be potent to exempt his moiety. The object of the exemption law was not to exempt estates in severalty merely, but to make some provision for the better maintenance of persons in humble circumstances. If such a person owns but half of a cow or a horse, that much is as much within the letter and the spirit of the exemption laws as the whole would be." (1 Freeman, Executions, § 221, pp. 670, 671). Under the constitution of 1868, "every homestead, not exceeding one hundred and sixty acres of land, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any town, city or village; or in lieu thereof, at the option of the owner, any lot in a city, town or village, with the dwelling and appurtenances thereon, owned and occupied by any resident of this state, and not exceeding the value of five thousand dollars," was "exempt from sale on execution or any other final process from any court." Under this provision of the constitution, this court held, in *Greenwood* v. *Maddox,* 27 Ark. 648, that when lands held in common are levied upon to satisfy an execution against one of the tenants, he can apply for partition, and after the division will be entitled to hold such part as may be set apart to him as his homestead, free and exempt from sale under execution, by fixing his dwelling thereon; and that he may have a sale under the execution stayed by injunction until his homestead could be ascertained and established. Under this decision, and the rules before stated, it is difficult to see why a partner is not entitled to select his exemptions from sales under executions, to satisfy

his individual debts, out of his interest in the assets of the firm, and have the sale under the execution stayed by injunction until his interest can be segregated, and his exemption therein selected and set apart.

Sections 3060, 3062–3065 of Sandels & Hill's Digest provide how the interest of a "debtor partner" in the assets of the partnership levied upon to satisfy an execution on a judgment for his separate debt shall be determined, and how it shall be subjected to the satisfaction of the execution. They provide as follows:

"Sec. 3060.  Whenever a sheriff or other officer shall levy an execution upon property or effects held jointly or in partnership by the debtor in the execution with others, to satisfy the separate debt of such debtor, the sheriff or other officer shall not proceed to make sale thereof, except as hereinafter provided, if the person or persons, or any of them holding such joint or partnership interest with the debtor, shall assert an equitable or other claim thereto, and in writing notify the officer of the existence of such claim."

"Sec. 3062.  When a claim is asserted by the joint owners or partners to the property levied upon, the officer shall not, by virtue of his levy, deprive the joint owners or partners of the possession of the property levied upon, except for the purpose of making an inventory thereof, and having the same appraised."

"Sec. 3063.  The officer shall proceed to have the property levied upon appraised, as provided in section 3089.  He shall return the inventory and appraisement, with the execution, to the office from which it issued; and, in his return, shall state all the facts connected with the levy by him, and the claims, if any, set up by the joint owner or owners."

"Sec. 3064.  The execution creditor shall have a lien upon the property levied upon, such as is given by law to executions in the hands of the officer, and which shall continue until the levy is disposed of."

"Sec. 3065.  Upon the execution being returned by the officer that he has levied the same upon the property in which the debtor was joint owner or partner, and that the same was claimed by the other joint owners or partners, the execution

creditors may proceed by equitable proceedings to subject, to the satisfaction of his execution, the interest of the debtor so levied upon."

These sections are almost copies of sections 3287–3292 of "Revision of 1860, Laws of Iowa," the difference in no wise affecting the sense or effect. In construing the Iowa statutes in *Richards* v. *Shaw*, 30 Iowa, 574, Mr. Justice Peck, speaking for the court, said: "These statutory provisions in no manner affect the rights of the partners of the creditor. They simply provide for the manner of the enforcement of a remedy before secured by the law against a partner for his separate debt. No relief can be given the creditor in the equitable action provided for, other or different than he would have been entitled to in such an action, before the statute, prosecuted by himself. in a proper case, or by the partner of his debtor, or by the debtor himself, when either could resort to a court of chancery to settle their respective interests in a case where the debtor partner's interest is taken on an execution against him. The questions to be determined, and the relief to be granted in the equitable action contemplated by the statute above cited, are those that relate to the interest of the debtor partner in the property seized upon execution, and the satisfaction, in a way authorized by the law, of the judgment by the sale of such property. By the proceeding, the interest of the debtor partner in the property levied upon must be determined. His interest is measured by the rights of his co-partner, who has a lien upon the property for the amount of his share, and for moneys advanced by him beyond it for the use of the firm. *Pierce* v. *Wilson*, 2 Iowa, 20. His interest is also dependent upon the rights of the creditors of the firm, for they are entitled to first be paid from the partnership funds. *Pierce* v. *Wilson, supra; Hubbard* v. *Curtis*, 8 Iowa, 1. The interest of the debtor partner can only be ascertained by determining the rights of the co-partner and the indebtedness of the firm, which, it is evident, must be done in this proceeding. This, in the case of a levy of an execution against the debtor partner upon the firm property, is within the ordinary jurisdiction of equity, which is necessary to be exercised for the protection of all parties concerned, the creditors, the

partners, and the purchasers upon the execution. 1 Story's Eq. § 678. In this proceeding it is very clear that the court must, in order to determine the interest of the debtor partner, ascertain the interest and claims of his co-partner and the indebtedness of the firm, and, in order to do so, may require necessary parties to be brought in and answer in the proceeding. Having acquired jurisdiction of the matters involved and of the persons interested, in order to avoid multiplicity of suits, the court may proceed, after having declared the interest of the debtor partner, to grant full relief to all parties by declaring and enforcing their respective rights. It may direct the sale of the property levied upon, and enforce the delivery of its possession to the officer. The interest to be acquired by the purchaser may be determined, and all other matters settled, to the end that justice may be done, and future suits prevented. In cases demanding it the partnership may be fully settled and wound up, though this may not be necessary in all cases. In short, the court is authorized to ascertain the rights of all the parties interested, and, by its decree, do justice between them."

Under the statute the interest of the debtor partner cannot be sold until it is ascertained and fixed by equitable proceedings. In this proceeding his interest can be separated from the partnership assets, and it is the duty of the court to do so when the rights of any of the parties demand it; and especially is this the case when it becomes necessary to carry into effect the humane and remedial purposes of the law upon exemptions. Why should it not set apart to him his interest, so that he can select out of it the exemptions allowed him by law? The design of this law was to shield the poor, and not to strip them. Should the court refuse to protect the debtor partner when it is in its power to do so? He has a right to his exemptions. Having the right, he is entitled to the enforcement of it; and, being entitled to the enforcement of it, it is the duty of the court to grant him the relief. Grant him the relief—set apart to him his share in the assets of the partnership—and there is no obstacle in the way to his selecting his exemptions out of it; for he can do that at any time before the sale, upon giving the necessary notice. In a recent case this court held that a judgment in favor of a

4

plaintiff against a garnishee for the recovery of the amount owing by the latter to the defendant was no bar to the defendant selecting and holding the debt of the garnishee as his exemption; and that he could select and hold the money collected on the judgment against the garnishee, as his exemption, at any time before it is paid to the plaintiff, provided it does not exceed the amount allowed for that purpose. *Blass* v. *Erber, post,* p.112. In other cases this court has held that a judgment condemning property to be sold to pay a debt does not defeat the right of the defendant in the judgment to hold any part of it as his exemption, provided he selects it for that purpose before it is sold. *Robinson* v. *Swearingen,* 55 Ark. 55; *Bunch* v. *Keith,* 64 Ark. 654. This being the law, the debtor partner is certainly entitled to have so much of his interest, when separated from the assets of the firm, as will equal in value the exemptions allowed him by law, set apart to him, to hold free from sale to satisfy the execution levied on the same, when he demands it before the final decree in the equitable proceedings is rendered, as was done in this case.

This action was instituted under the statutes set out in this opinion. The debtor partner claimed his interest in the assets of his firm as his exemptions, and showed that it did not exceed $500, the amount he is entitled to hold free from sale under executions. Having ascertained this fact, the court should have set apart to him as his exemption, and enjoined the sale of it under the execution, and proceeded no further, as this was all that was necessary to be done.

The authorities cited in the opinion of the court do not sustain it. They hold that a partner cannot claim his individual exemptions in specific chattels constituting a part of the partnership assets. No such question is presented in this action.

The decree of the circuit court should be reversed.

BUNN, C. J., concurred in the dissenting opinion.