JENNINGS v. WILLIAM A. STANNUS & SON.

In re WILLIAM A. STANNUS & SON.

(Circuit Court of Appeals, Ninth Circuit. November 6, 1911.)

No. 2,008.

1. BANKRUPTCY (§ 397*)—EXEMPTIONS—PARTNERSHIP PROPERTY.

Under Rem. & Bal. Ann. Code Wash. § 563, subd. 4, which exempts to a householder two cows, feed, provisions, etc., but further provides that, "in case such householder shall not possess or shall not desire to retain the animals above named, he may select from his property and retain other property not to exceed $250, coin, in value," a bankrupt is not entitled to such substituted exemption from partnership property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 678; Dec. Dig. § 397.*]

2. BANKRUPTCY (§ 42*)—PARTNERSHIP—EFFECT OF MINORITY OF PARTNER.

A partnership in which one member is a minor may be adjudged a bankrupt, where the minor has taken no action to repudiate the relation.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 42.*

What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

Petition for Revision of Proceedings of the District Court of the United States for the Northern Division of the Western District of Washington, in Bankruptcy.

In the matter of William A. Stannus & Son, bankrupts. Petition by I. H. Jennings, trustee, to revise an order allowing exemptions to William A. Stannus from partnership property. Reversed.

This is a petition for revision of the order and judgment of the District Court made in bankruptcy. It appears from the record that William A. Stannus made and filed a petition in bankruptcy in his own behalf and also in behalf of the copartnership of William A. Stannus & Son, which firm consists of petitioner and his son, Aaron Stannus; the latter being a minor of the age of 19 years. Insolvency was shown, and the willingness of the copartnership and of William A. Stannus, individually, to be adjudged bankrupts asserted. The usual schedule, marked "B," accompanies the petition, which contains an inventory of all the property of petitioner, both individually and of said partnership. In this schedule is set forth a list of certain partnership assets, which the petitioner, being a householder, claims as exempt, by virtue of the statute of Washington, to the amount of $250, in lieu of certain animals, provisions, and fuel for the maintenance of the household, and feed for the animals, for the period of six months. In addition, petitioner claims as exempt certain household furniture, supplies, and wearing apparel. The trustee interposed objections to the allowance of the exemptions claimed, and the matter was submitted to the referee in bankruptcy for his decision. The referee disallowed the claim of the petitioner for the list of merchandise, in lieu of the animals, provisions, etc. On review to the District Court, the finding and order of the referee was reversed. The purpose of the present petition is to have reviewed the decision of the court in that respect.

Leopold M. Stern and H. E. Porter, for petitioner.

F. B. Carpenter, for respondent.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOLVERTON, District Judge (after stating the facts as above).
[1] The sole question presented for our determination is whether the
partnership assets of William A. Stannus & Son, to the amount of
$250, are exempt from the operation of the bankruptcy proceeding,
in lieu of the animals, provisions, and feed to which a householder
is entitled under the statutes of Washington as exempt from execution.

The bankrupt is entitled, under the sixth section of the bankruptcy
act (Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p.
3424), to such exemptions of property as are exempt to the debtor
from execution and levy under the local statutes, and under the for-
ty-seventh section of the act it is made the duty of the trustee to set
aside such exemptions for the benefit of the bankrupt and make re-
port thereof to the court. Hughes' Fed. Proc. 145. As a rule, the
federal courts are governed by state construction of local exemption
statutes; but, in the absence of such construction, they will adopt their
own interpretation.

It is declared by the statutes of Washington that:

"The following property shall be exempt from execution and attachment,
except as hereinafter specially provided: * * * (4) To each householder,
two cows, with their calves, * * * and provisions and fuel for the com-
fortable maintenance of such householder and family for six months, also
feed for such animals for six months: Provided, that in case such house-
holder shall not possess or shall not desire to retain the animals above
named, he may select from his property and retain other property not to
exceed two hundred and fifty dollars, coin, in value." Section 563, subd. 4,
Rem. & Bal. Ann. Codes & Stats. of Washington.

The statute here deals with individuals, and apparently with in-
dividual property. No mention is made of partners, or of exemption
of partnership property for the benefit of individual members of a
firm. We have been cited to no construction of the statute, respect-
ing the rights of partners to the exemption, by the Supreme Court of
the state of Washington. Hence this court must determine the ques-
tion for itself. The adjudicated cases upon the general proposition
are not uniform, but the great weight of authority seems to be against
the right of the partners to the exemption. It is so declared in Thur-
low v. Warren, 82 Me. 164, 19 Atl. 158, 17 Am. St. Rep. 472. In
Wisconsin it is held that under the Constitution and laws of that state
the privilege of exemption is personal to the individual debtor, there
being no exemption in favor of partners jointly. Russell v. Lennon,
39 Wis. 570, 20 Am. Rep. 60, overruling Gilman v. Williams, 7 Wis.
329, 76 Am. Dec. 219.

The strong reason in support of this view rests upon the innate dif-
ference between the individual and a copartnership as it relates to
their respective property rights. Each is a distinct entity. The for-
mer holds, by exclusive right, subject only to the right of his cred-
itors to have his property applied to their legitimate demands. Ex-
emption statutes are enacted to meet this express condition, to relieve
the debtor in a measure against the demands of his creditors, that he
may yet enjoy the necessary comforts of life. The latter holds by
right of the individual members, whose respective interests in the
property depend upon mutual agreement between them; the whole

being subject to the debts of the firm. The individual interest in the partnership property is joint, and each partner has the right to have the property applied first to the partnership debts before either is entitled to a segregation of his own interest. Levy and execution, it is true, may proceed against the individual interest; but, when made, the sale is of the interest subject to the debts of the concern, and a settlement of the copartnership affairs is necessary in the end to determine what the purchaser has really acquired. So that it seems illogical to say that exemption in favor of a partner is within the purview of the statute, unless specially mentioned and declared. Pond v. Kimball, 101 Mass. 105; In re Demarest (D. C.) 110 Fed. 638. Other adjudications of the federal courts sustaining this view, following the courts of the states in which they were rendered, are: In re Novak (D. C., S. D.) 150 Fed. 602; In re Beauchamp's et al. (D. C., Md.) 101 Fed. 106; In re Meriwether (D. C., Ark.) 107 Fed. 102; In re Prince and Walter (D. C., Pa.) 131 Fed. 546.

The authorities pro and con of the proposition are collated in the case of In re Camp (D. C.) 91 Fed. 745, in an instructive opinion rendered by Newman, District Judge; he following the construction placed upon the statute by the Georgia Supreme Court, to the effect that partners are entitled to the exemption out of the partnership property. The stronger reason, as well as the weight of authority, we think is the other way.

[2] This disposes of the principal question. It remains to determine whether the son being a minor avoids the partnership relations. An infant's agreement to enter into a copartnership, like most other contractual obligations of his, is not void, but voidable only, and that at his instance or within a reasonable time after arriving of age. It is only such agreements as are not possibly to be regarded as beneficial to him which are null from the beginning. Partnership obligations will not, however, bind him personally, but are valid against the firm, and are entitled to payment out of the partnership assets, regardless of the minority of one of its members. These principles are well settled by uniform trend of authority. Sparman v. Keim, 83 N. Y. 245; Dunton v. Brown, 31 Mich. 182; Moley v. Brine, 120 Mass. 324; Page v. Morse, 128 Mass. 99; Gay v. Johnson, 32 N. H. 167; Bush et al. v. Linthicum, 59 Md. 344; Ex parte Taylor, 44 Eng. Reprint, 388; Goode & Benmon v. Harrison, 105 Eng. Reprint, 1147; Bates, Law of Partnership, vol. 1, §§ 142-148.

It follows that the partnership, where a member of the firm is a minor, continues in all respects valid until the minor has declared his privilege and has withdrawn from the firm. So that in the present case, the son having in no way, so far as the record discloses, declared his withdrawal, the partnership of William A. Stannus & Son continues valid and undissolved, except for the assignment in bankruptcy. Such being the case, the elder Stannus cannot claim his exemption out of the partnership property of William A. Stannus & Son.

The order and judgment of the District Court will therefore be reversed, and the cause remanded, with directions to enter judgment in accordance with this opinion, with costs in favor of petitioner.