## In re H. W. BUNDY & CO.

### (District Court, S. D. Mississippi. November 28, 1914.)

### No. 1114.

BANKRUPTCY (§ 397*)—EXEMPTIONS—PARTNERSHIP PROPERTY.

Under Bankr. Act July 1, 1898, c. 541, § 6a, 30 Stat. 548 (Comp. St. 1913, § 9590), providing that such act shall not affect the allowance to bankrupts of the exemptions prescribed by the state laws in force at the time of the filing of the petition, a member of a bankrupt partnership was not entitled to an exemption of goods from the stock of merchandise owned by the partnership under the statutes of Mississippi, in the absence of any binding decision of the Mississippi courts in favor of such exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 678; Dec. Dig. § 397.*]

In Bankruptcy. In the matter of H. W. Bundy & Co., bankrupts. On review of the referee's findings. Finding sustained, and exemption claimed by bankrupt denied.

A. K. Foot, of Canton, Miss., for exceptors.

NILES, District Judge. H. W. Bundy & Co., a copartnership composed of B. L. Johnson and H. W. Bundy, filed a petition in voluntary bankruptcy, with schedules by each of the partners individually, and an adjudication in bankruptcy followed.

It appears that in June, 1914, Bundy, who contributed no capital to the partnership, but was to share in the profits because of his assuming the management of the business, executed a transfer of any interest he might have had in the firm to Johnson. Bundy then left the state, but the business was continued in the old firm name, H. W. Bundy & Co., and was known to the public as such; the petition in bankruptcy being filed as a copartnership. Bundy claimed no exemptions. Johnson claimed as exempt, under the Mississippi statute, goods from the stock of merchandise in the hands of the trustee to the amount of $250, which claim was disallowed by the referee, and now contested by the bankrupt.

The question here presented is whether a member of a copartnership is entitled to exemptions out of the partnership estate. Exemptions allowed bankrupts are governed by the state laws, or, as expressed in the United States bankruptcy law of July 1, 1898 (chapter 3, § 6a):

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

In this situation recourse must be had to the exemptions allowed under the laws of this state, and as interpreted by its Supreme Court. It does not appear, however, that the Mississippi Supreme Court has passed upon the precise question at issue; but counsel for the bankrupt and the referee have cited a number of Mississippi cases considered as establishing their respective positions. The court has examined

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

these authorities, with the conclusion that none cited control the case at bar, though the principle announced in McGrath et al. v. Sinclair, 55 Miss. 89, though treating of real property, might at first glance be applied to this case, in which it is announced that:

"If the house and lot was partnership property in such sense as that the social creditors could subject it to their debts, then it would be dealt with as assets of the firm in a court of equity, and A. G. Sinclair and wife could not successfully hold it, or any part of it, as a homestead against the mortgagees. * * * If real estate be acquired with partnership funds, for partnership purposes, or is put into the company as stock, by agreement, then it will be considered as joint property."

However, as the court does not hold this case nor any other of the Mississippi authorities as conclusively defining the bankrupt's claim for exemptions herein, recourse must be had to other state and federal authority.

The subject of "Exemptions" is exhaustively treated in Cyc., which authority is decidedly against individual parties claiming exemptions in the partnership property as against the partnership debt; numerous reasons, with authorities, being advanced in support of the proposition:

"By the great weight of authority, individual partners cannot claim exemptions in the partnership property as against a partnership debt. This is held on various different grounds: (1) On the well-known ground that partnership property is subject to the payment of partnership debts, before all other claims; (2) the impracticability, or even inequity, of allowing an exemption out of the property; (3) that under the theory of the civil law that a partnership is an entity—a theory not generally recognized by the common law and one which is inconsistent with its principles—and that the partnership property does not belong to the individual partners, but to the firm, that is, to the legal entity; (4) that the different exemption statutes contemplate only individuals, and have no reference to partnerships. * * *" 18 Cyc. 1383 (citing authorities).

There can be little doubt of the correctness of the law as above stated, and, without the state law expressly provides for exemptions out of the firm's assets, it follows that this bankrupt has no claim against the estate for exemptions. Collier's work on Bankruptcy (1914 edition), an acknowledged authority, discussing this question, beginning at page 196, states that:

"On principle, they [the individual partners] cannot claim exemptions therefrom; the partnership being an entity, and the partners having no interest in the assets until all its creditors are paid." In re Beauchamp (D. C.) 101 Fed. 106; In re Mosier (D. C.) 112 Fed. 138.

The position of the federal courts upon this question is convincingly stated by the Circuit Court of Appeals, Ninth Judicial Circuit, in the case of Jennings v. Stannus & Son, 27 Am. Bankr. Rep. 384, 191 Fed. 347, 112 C. C. A. 91, in which it is laid down:

"The strong reason in support of this view rests upon the innate difference between the individual and a copartnership as it relates to their respective property rights. Each is a distinct entity. The former holds by the exclusive right, subject only to the right of his creditors to have his property applied to their legitimate demands. Exemption statutes are enacted to meet this express condition, to relieve the debtor in a measure against the demands of his creditors, that he may yet enjoy the necessary comforts of

life. The latter holds by right of the individual members, whose respective interests in the property depend upon mutual agreement between them; the whole being subject to the debts of the firm. The individual interest in the partnership property is joint, and each partner has the right to have the property applied first to the partnership debts before either is entitled to a segregation of his own interest. Levy and execution, it is true, may proceed against the individual interest; but, when made, the same is of the interest subject to the debts of the concern, and a settlement of the copartnership affairs is necessary in the end to determine what the purchaser has really acquired. So that it seems illogical to say that exemption .in favor of a partner is within the purview of the statute, unless specially mentioned and declared"—citing Pond v. Kimball, 101 Mass. 105; **In re Demarest** [D. C.] 110 Fed. 638.

This court is, as all courts should be, inclined to allow an exemptionist the benefit of the most liberal construction of the exemption laws; but, without a clear-cut convincing, and binding decision of the Mississippi Supreme Court upon this question, the court, in view of the foregoing, must sustain the finding of the referee and deny the bankrupt the exemption claimed.

Let a decree enter in accordance with this opinion.